# March, Appellant, *v.* Lukens.

*Arbitration—Conclusiveness of award—Estoppel.*

Where parties to a suit agree to discontinue the suit and submit to arbitrators the whole controversy between them and the decision of the arbitrators is to be final, one of the parties, after an award against him cannot maintain a new suit for the same cause of action where no fraud or collusion is alleged against the arbitrators, and no plain mistake of law or facts is shown in their award.

Argued Jan. 29, 1906.   Appeal, No. 74, Jan. T., 1905, by plaintiff, from order of C. P. Montgomery Co., March T., 1903, No. 121, refusing to take off nonsuit in case of Isaac F. March and Emma L. Brinley v. Joseph C. Lukens and Emily Irene Yerkes, trading as Lukens & Yerkes.   Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ.   Affirmed.

Trespass to recover damages for injuries to a quarry.   Before WEAND, J.

The facts are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Irvin P. Knipe,* of *Wanger & Knipe,* and *Stephen M. Meredith,* with them *John W. Bickel,* for appellants.—A mistake as to extent of authority, showing that the arbitrators have exceeded their powers by assuming to decide matters not submitted to them, will be sufficient to impeach the award on the ground of misconduct: Walker v. Walker, 60 N. C. 259; Borrowe v. Milbank, 13 N. Y. 680; Hutchingson v. Shepperton, 13 Q. B. 955 (66 E. C. L. 955); Hamilton v. Hart, 125 Pa. 142.

Among the Pennsylvania cases that uphold the principle that arbitration awards are void for too wide a construction of the submission are: Somerset Boro. v. Ott, 207 Pa. 539; Chandley v. Cambridge Springs Boro., 200 Pa. 230; Lauman v. Young, 31 Pa. 306.

An agreement in the submission of a pending cause to arbitration, that the award shall be " final and conclusive " is sub-

ject to the implied condition that the award be made according to the submission: McCracken v. Clarke, 31 Pa. 498.

A void award is no bar to an action brought in reference to the same subject-matter: French v. New, 28 N. Y. 147.

*Gilbert Rodman Fox, M. M. Gibson* and *Nicholas H. Larzelere*, for appellees were not heard, but argued in their printed brief.—The award was conclusive: Bower v. Tallman, 5 W. & S. 556 ; McCune v. Lytle, 197 Pa. 404 ; Climenson v. Climenson, 163 Pa. 451; Davis v. Havard, 15 S. & R. 165 ; Wilson v. Getty, 57 Pa. 266 ; McManus v. McCulloch, 6 Watts, 357 ; West Jersey R. R. Co. v. Thomas, 21 N. J. Eq. 205 ; Goodwine v. Miller, 32 Indiana, 419 ; Viele v. Troy, etc., R. R. Co., 21 Barb. 381.

OPINION BY MR. JUSTICE MESTREZAT, February 26, 1906 :

The submission between these parties was at common law, and was for the determination of questions arising out of the agreement entered into between March and Brinley, the plaintiffs below and appellants here, and William J. McEvoy. The agreement provided that the parties should submit to three arbitrators any dispute arising out of the " unworkmanlike manner in which the quarry is being operated to affect its future injury," and " that their decision should be final." An action having been brought by the appellants against the appellees, who were the defendants below, in the court of common pleas of Montgomery county to recover arrears of rentals and royalties, cost of quarry cleaning, etc., the parties desiring " to still adjust and settle their differences by the mode of arbitration provided for in said article of agreement " submitted " all matters embraced and complained of in the statement of plaintiff's claim filed in the suit aforesaid " to arbitrators " to be chosen as provided in said agreement." Three arbitrators were selected, heard the case and made an award in favor of the appellees. The appellants being dissatisfied with the award ignored it and brought the present suit for the same cause of action. On the trial of the cause, the appellants having put in evidence the submission and the award, the learned court granted a nonsuit, holding that the award could not be attacked collaterally for the reasons assigned, that it was not invalid

merely because the arbitrators had assigned a reason for their conclusion, and that it was conclusive between the parties.

Aside from the question of conclusiveness of the award in this action, the award was good upon its face and there was no evidence on the trial sufficient to impeach it. The submission, as its language shows, was as broad as it could be made, and authorized the arbitrators to determine all questions affecting the rights of the appellants to recover the sum claimed for any or all of the items named in their statement of claim in the then pending suit. Notwithstanding the earnest argument of appellants' counsel to the contrary, the tenancy of the appellees was one of the issues to be determined by the arbitrators as was disclosed by the testimony on this trial. One of the appellants testified on the trial as follows : " Q. You contended before the arbitrators that Messrs. Lukens and Yerkes were your lessees ? A. I took them as tenants; yes. Q. And you laid all the evidence that you had on that question of their being your tenants before the arbitrators, didn't you? A. Yes. Q. And presented your claims just in the same way that you have here to-day, didn't you ? A. Yes, sir. Q. They heard it all ? A. Yes. Q. Didn't rule out any of it, so far as you know ? A. Not so far as I know. . . . Q. You called other witnesses upon that same question ? A. Yes, sir. Q. Mr. McEvoy ? A. Yes, sir. Q. He was your witness ? A. Yes, sir. . . . Q. In your testimony before the arbitrators, did you claim these damages just as you claim them here ? A. Yes, sir."

It is therefore clear from this testimony, given on the trial, that one of the issues submitted to the arbitrators by the parties was the question of tenancy and that the appellants laid before them all their evidence on that question. It is not alleged that the arbitrators did not hear all the testimony presented on all the questions raised by the submission.

The arbitrators assigned, in their award, as the reason for their finding " that Lukens & Yerkes were not at any time the tenants of March & Brinley under the provisions of the lease made between March & Brinley and William J. McEvoy." Having the right to determine that question, and the differences submitted being only those which grew out of the relations created by the McEvoy agreement, the finding of no tenancy might have been decisive of all the other questions involved

in the controversy. We will not presume that there were no other facts to warrant the award in favor of the appellees than the one recited. Russell on Arb. (7th ed.) 317. We do not know what evidence was submitted to the arbitrators and hence we cannot say that the conclusion of the arbitrators was not correct. McEvoy had the privilege of purchasing the property within five years and what the evidence before the arbitrators shows he and the appellees did as to this privilege, we do not know. That may or may not have affected their finding. The appellants having failed to show a tenancy, there may have been no testimony before the arbitrators, as they evidently thought there was not, to show, in the language of the appellants' brief, " alleged acts that were actually tortious and damaging, whether Lukens & Yerkes were tenants or mere trespassers." Questions of both law and fact were raised by the testimony presented, and by agreement of the parties, these questions were submitted for the final arbitrament of the three arbitrators chosen in the manner agreed upon by the parties. There is no fraud, partiality or collusion on the part of the arbitrators alleged, and neither the evidence on the trial nor the testimony submitted on the motion to take off the nonsuit shows any misconduct on the part of the arbitrators or that they did not consider and dispose of all the questions embraced in the submission. They were constituted by the parties the ultimate judges of the competency of the witnesses and of the admissibility, weight and relevency of the evidence; they were the tribunal to which the parties submitted for final judgment the law and the facts of the questions in controversy, and plain mistake of law or fact not having been made to appear their award must, in this collateral proceeding, be regarded as final and conclusive.

The judgment is affirmed.